ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ANTONIO A. RIVERA MATOS<br><br>    Peticionario<br><br>    v.<br><br>COOPERATIVA DE VIVIENDA ROLLING HILLS, ET. ALS.<br><br>    Recurrida | **TA2025CE00527** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2022CV00984<br><br>Sobre: Abuso de Discreción Denegatoria a Descubrimiento de Prueba |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Bonilla Ortiz.

Bonilla Ortiz, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico a 12 de noviembre de 2025.

Comparece el señor Antonio A. Rivera Matos (señor Rivera Matos o "el peticionario") mediante el presente auto de *certiorari* y nos solicita que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 22 de agosto de 2025, notificada el 25 de agosto del mismo año. En la referida determinación, el foro de instancia declaró *No Ha Lugar* la prórroga solicitada por el peticionario, pues razonó que este ha tenido múltiples oportunidades para expresarse sobre los hallazgos de las deposiciones realizadas.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

_____

[1] Ver Orden Administrativa OATA-2025-186 del 1 de octubre de 2025.

**I.**

Los hechos ante nuestra consideración comienzan con la presentación de una *Demanda* por parte del señor Rivera Matos sobre daños y perjuicios, incumplimiento de contrato, difamación en su modalidad de libelo, entre otras, en contra de la Cooperativa de Viviendas Rolling Hills; el señor Rolando Calderón Padilla; la Sra. Andreita Flores León; el Sr. José Landrau Chiclana; el Sr. José Aníbal Sierra Llanos; la Sra. Luz S. Ortiz López; I.Q. Gerencia de Viviendas Corp. Inc.; la Sra. Iris Milagros Quiles Sepúlveda; la Sra. Miriam Nieves Del Valle; la Sra. Lourdes M. Torres Esteves; el Sr. José Juan Belén Rivera, entre otros (en conjunto, parte recurrida).[2]

El 11 de octubre de 2024 el señor Rivera Matos presentó una *Moción al Expediente Judicial*.[3] En el aludido escrito, informó al Tribunal de Primera Instancia que presentó un requerimiento de información y producción de documentos a la Junta de Directores de la Cooperativa de Viviendas Rolling Hills representada por su presidente, el Sr. Rolando Calderón Padilla, el 10 de octubre de 2024 para ser entregada en un término de 15 días.

El 26 de diciembre de 2024, el señor Rivera Matos presentó una *Moción en Solicitud de Orden*.[4] En esencia, alegó que luego de dos prórrogas, el 5 de diciembre de 2024, los recurridos le cursaron objeciones inmeritorias

---

[2] Véase, Demanda, entrada núm. 1 del caso núm. CA2022CV00984, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Moción al Expediente Judicial, entrada núm. 163 del caso núm. CA2022CV00984, en el SUMAC.
[4] Moción en Solicitud de Orden, entrada núm. 171 del caso núm. CA2022CV00984, en el SUMAC.

y contestaciones ambiguas y evasivas sobre el requerimiento de documentos, produciendo solamente tres de estos. Adujo que la información requerida era pertinente y necesaria para sustentar las alegaciones a la demanda y no eran confidenciales. Por tal razón, solicitó al Tribunal de Primera Instancia que ordenase en un término perentorio de cinco (5) días para que los recurridos presentaran el requerimiento de información y documentos solicitados.

El 10 de enero de 2025, el Tribunal de Primera Instancia dictó una *Orden* concediéndole a la parte recurrida diez (10) días para presentar su posición respecto al escrito del peticionario.[5]

Del mismo modo, el 20 de enero de 2025 el señor Rivera Matos presentó una *Urgente Moción en Solicitud de Orden*.[6] En síntesis, alegó que el 12 de diciembre de 2024, el foro primario celebró una vista de estado y calendarización, mediante la cual se calendarizaron las fechas para las deposiciones. Adujo que, debido a que no había recibido la documentación requerida por los recurridos desde el 10 de octubre de 2024, no estaba preparado para realizarle las deposiciones a los señores Rolando Calderón Padilla y José Aníbal Sierra Llanos. Por ende, solicitó al Tribunal de Primera Instancia que ordenase a los recurridos a producir la prueba solicitada.

En respuesta, el 21 de enero de 2025, loa parte recurrida presentó una *Solicitud de Prórroga*.[7] En el referido escrito, solicitó que se le concediera hasta el

---

[5] Orden, entrada núm. 177 del caso núm. CA2022CV00984, en el SUMAC.
[6] Urgente Moción en Solicitud de Orden, entrada núm. 178 del caso núm. CA2022CV00984, en el SUMAC.
[7] Solicitud de Prórroga, entrada núm. 179 del caso núm. CA2022CV00984, en el SUMAC.

27 de enero de 2025 para contestar a la *Moción en Solicitud de Orden* del 26 de diciembre de 2024 y la *Urgente Moción en Solicitud de Orden* del 20 de enero de 2025 en conjunto.

El 23 de enero de 2025, el foro de instancia emitió una *Orden* mediante la cual declaró *No Ha Lugar* la prórroga y les requirió su posición el mismo día.[8] Por tal razón, el mismo día, la parte recurrida presentó su *Oposición a Solicitud de Orden [171] y a Urgente Moción en Solicitud de Orden [178]*.[9]

Así las cosas, el 24 de enero de 2025, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual declaró *Con Lugar* la moción presentada por el señor Rivera Matos y requirió que continuaran los procedimientos sobre las deposiciones de los señores Rolando Calderón Padilla y José Aníbal Sierra Llanos según pautadas sin dilaciones.[10]

Posteriormente, el 3 de febrero de 2025, la parte recurrida presentó una *Moción Conjunta en Cumplimiento de Orden*.[11] En esencia, adujo que el señor Rivera Matos tomaría la deposición del señor José Aníbal Sierra Llanos el 31 de marzo de 2025 y la del señor Rolando Calderón Padilla el 11 de abril de 2025.

El 25 de febrero de 2025, la parte recurrida presentó una *Moción* mediante la cual solicitó al foro de primera instancia suspender la toma de deposición que se

---

[8] Orden, entrada núm. 181 del caso núm. CA2022CV00984, en el SUMAC.
[9] Oposición a Solicitud de Orden [171] y a Urgente Moción en Solicitud de Orden [178], entrada núm. 182 del caso núm. CA2022CV00984, en el SUMAC.
[10] Orden, entrada núm. 183 del caso núm. CA2022CV00984, en el SUMAC.
[11] Moción Conjunta en Cumplimiento de Orden, entrada núm. 194 del caso núm. CA2022CV00984, en el SUMAC.

estaría realizando a la señora Quiles Sepúlveda el 27 del mismo mes, debido a un procedimiento quirúrgico.[12]

El 27 de febrero de 2025, el señor Rivera Matos presentó una *Moción Informativa y en Solicitud de Orden*.[13] En el aludido escrito, le solicitó al foro primario que le permitiera comenzar la deposición de los codemandados I.Q. Gerencia de Viviendas Corp. Inc. y la señora Quiles Sepúlveda. El mismo día, el Tribunal de Primer instancia emitió una *Orden* mediante la cual denegó la moción presentada por el señor Rivera Matos.[14]

Tras varios incidentes procesales, el 23 de abril de 2025, el codemandado Sr. José Juan Belén Rivera, presentó una *Moción de Orden para Suspensión de Deposición*.[15] En el referido escrito, solicitó cinco (5) días para escoger e informar una nueva fecha de deposición, debido a que no podría comparecer a la deposición pautada para el 25 de abril de 2025 a raíz de problemas de salud.

El 30 de abril de 2025, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual le requirió al señor Belén Rivera informarle al tribunal el 5 de mayo la fecha para la deposición a realizarse antes del 15 de mayo de 2025.[16]

Por otra parte, el 16 de mayo de 2025, la parte recurrida presentó *Moción para Informar las Fechas de Deposiciones de los Codemandados José Sierra Llanos y Rolando Calderón Padilla*.[17] En esencia, alegó que

---

[12] Moción, entrada núm. 196 del caso núm. CA2022CV00984, en el SUMAC.
[13] Moción Informativa y en Solicitud de Orden, entrada núm. 198 del caso núm. CA2022CV00984, en el SUMAC.
[14] Orden, entrada núm. 201 del caso núm. CA2022CV00984, en el SUMAC.
[15] Moción de Orden para Suspensión de Deposición, entrada núm. 239 del caso núm. CA2022CV00984, en el SUMAC.
[16] Orden, entrada núm. 240 del caso núm. CA2022CV00984, en el SUMAC.
[17] Moción para Informar las Fechas de Deposiciones de los Codemandados José Sierra Llanos y Rolando Calderón Padilla, entrada núm. 248 del caso núm. CA2022CV00984, en el SUMAC.

candelarizaron las deposiciones de los señores José Aníbal Sierra Llanos y Rolando Calderón Padilla para el 10 y 26 de junio de 2025.

El 19 de mayo de 2025, el señor Rivera Matos presentó una *Moción en Solicitud de Orden y R[é]plica a Moci[ó]n Informativa Presentada por la Codemandada la Cooperativa de Viviendas Rolling Hills*.[18]  En esencia, solicitó al tribunal que se extendiera el término para culminar el descubrimiento de prueba del 15 de junio de 2025 al 5 de julio de 2025, pues alego que no había podido pautar las deposiciones de los codemandados señor José Aníbal Sierra Llanos y señor José Juan Belén Rivera. Por lo que, el mismo día, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual extendió el término para concluir el descubrimiento de prueba hasta el 5 de julio de 2025.[19]

No obstante, el 3 de julio de 2025, ambas partes comparecieron mediante una *Moción Conjunta en Solicitud de Orden*.[20]  En síntesis, las partes solicitaron que se extendiera el término para descubrir prueba hasta el 25 de agosto de 2025, pues el señor Belén Rivera no podría acudir a su deposición por un compromiso indelegable. Por tal razón, acordaron el 20 de agosto de 2025 como fecha para realizar la deposición del señor José Juan Belén Rivera.

El 10 de julio de 2025, notificada el 14 del mismo mes, el Tribunal de Primera Instancia emitió la siguiente *Orden*:

---

[18] Moción en Solicitud de Orden y R[é]plica a Moci[ó]n Informativa Presentada por la Codemandada la Cooperativa de Viviendas Rolling Hills, entrada núm. 249 del caso núm. CA2022CV00984, en el SUMAC.
[19] Orden, entrada núm. 249 del caso núm. CA2022CV00984, en el SUMAC.
[20] Moción Conjunta en Solicitud de Orden, entrada núm. 254 del caso núm. CA2022CV00984, en el SUMAC.

> Se apercibe a las partes que la [ú]ltima orden del tribunal extendiendo el descubrimiento de prueba fue clara y estableció que el término era final. Nuevamente las partes sin previa autorización del tribunal recalendarizan los asuntos pautados afectando el itinerario dispuesto por el tribunal. El tribunal extiende el descubrimiento de prueba hasta el 25 de agosto de 2025, esto implica que no habrá prórroga para ningún otro asunto, producción documentos o continuación de deposición.[21]

El 18 de agosto de 2025, el señor Rivera Matos presentó una *Moción Informativa sobre Condición de Salud y Otros Extremos*.[22] En el aludido escrito, solicitó al tribunal que le concediera cinco (5) días posterior al 25 de agosto de 2025 para poder expresarse sobre los hallazgos de las deposiciones llevadas acabo en el mes de junio, debido a que su representante legal estaba enfrentando una recuperación por una intervención quirúrgica. Del mismo modo, adujo que no podría realizarle la deposición a el señor Belén Rivera el 20 de agosto de 2025 por su recuperación.

El 21 de agosto de 2025 la parte recurrida presentó una *Moción en Cumplimiento de Orden*.[23] En el referido escrito, se opuso a la solicitud para extender el término para culminar el descubrimiento de prueba presentado por el señor Rivera Matos por no establecer justa causa dos (2) días antes de la fecha pautada para la deposición del señor Belén Rivera.

Finalmente, el 25 de agosto de 2025, el Tribunal de Primera Instancia notificó la siguiente *Orden*:

> No ha lugar a la solicitud de prórroga para expresarse respecto a los hallazgos obtenidos en las deposiciones de junio de 2025. La parte demandante ha tenido

---

[21] Orden, entrada núm. 255 del caso núm. CA2022CV00984, en el SUMAC.
[22] Moción Informativa sobre Condición de Salud y Otros Extremos, entrada núm. 256 del caso núm. CA2022CV00984, en el SUMAC.
[23] Moción en Cumplimiento de Orden, entrada núm. 259 del caso núm. CA2022CV00984, en el SUMAC.

múltiples oportunidades. Solamente se concede hasta el 9 de septiembre de 2025 para la toma de deposición del codemandado José J. Belén Rivera. De no tomarse en dicha fecha no se autoriza. El descubrimiento de prueba finalizó y solo se concede la toma de la deposición sujeta a la fecha l[í]mite indicada en esta orden.[24]

El 25 de agosto de 2025, el señor Rivera Matos presentó una *Moción Solicitando Reconsideración y Solicitud de Extensión de Término para Llevar a cabo Descubrimiento de Prueba*.[25] La cual fue declara *No Ha Lugar* el 29 de agosto de 2025, mediante *Orden* emitida por el Tribunal de Primera Instancia.[26]

Inconforme, el 29 de septiembre de 2025, el señor Rivera Matos acude ante nos mediante el presente auto de *certiorari* y señaló la comisión del siguiente error:

> PRIMER SEÑALAMIENTO DE ERROR
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL VIOLARLE EL DERECHO CONSTITUCIONAL DE UN DEBIDO PROCESO DE LEY AL PRIVAR A LA "PARTE PETICIONARIA" EXTENDER EL DESCUBRIMIENTO DE PRUEBA PARA PODER DESCUBRIR PRUEBA PARA SUSTENTAR SUS ALEGACIONES DE LA DEMANDA AL DENEGAR LA MOCION DE RECONSIDERACION EN LA QUE SE SOLICITA EXTENDER EL DESCUBRIMIENTO DE PRUEBA[.]

> SEGUNDO SEÑALAMIENTO DE ERROR
> ERRÓ EL TRIBUNAL DE PRIMERA INTANCIA AL ESTABLECER QUE EL DESCUBRIMIENTO DE PRUEBA HABIA CULMINADO PREVIO AL 25 DE AGOSTO DE 2025; PARA DENEGAR LA SOLICITUD DE LA EXTENSION DE TÉRMINO SOLICITADA POR LA REPRESENTACION LEGAL DE LA "PARTE PETICIONARIA".

El 14 de octubre de 2025, el señor Rivera Matos presentó una *Moción Solicitando Auxilio de Jurisdicción*. Mediante la cual, solicitó se paralizaran los procedimientos ante el foro primario, hasta tanto se

---

[24] Orden, entrada núm. 260 del caso núm. CA2022CV00984, en el SUMAC.
[25] Moción Solicitando Reconsideración y Solicitud de Extensión de Término para Llevar a cabo Descubrimiento de Prueba, entrada núm. 263 del caso núm. CA2022CV00984, en el SUMAC.
[26] Orden, entrada núm. 266 del caso núm. CA2022CV00984, en el SUMAC.

resuelva el recurso presentando. No obstante, emitimos una *Resolución*, denegando dicha solicitud de auxilio.

Asimismo, en la misma fecha, las partes recurridas presentaron su *Alegato en Oposicion al Auto de Certiorari*. En esencia, solicitaron se denegara el recurso de *certiorari,* por no darse ninguna de las situaciones o excepciones que ameritan su expedición.

Con la comparecencia de todas las partes, procedemos a atender el recurso de epígrafe.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari*, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. *Caribbean Orthopedics v. Medshape et al.*, supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019). Dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd*.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### III.

En el caso ante nuestra consideración, la parte peticionaria nos plantea que el Tribunal de Primera Instancia erró al violarle el debido proceso de ley al no extender el descubrimiento de prueba para poder descubrir evidencia para sustentar sus alegaciones de la demanda, al denegar la moción de reconsideración en la que se solicita extender el descubrimiento de prueba. En segundo lugar, la parte peticionaria nos señala que incidió el Tribunal de Primera Instancia al establecer que el descubrimiento de prueba había culminado previo al 25 de agosto de 2025, para denegar la solicitud de

extensión de término solicitado por la parte peticionaria.

Luego de examinar la totalidad del expediente ante nuestra consideración, y en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento de este Tribunal, *supra*, razonamos que no están presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Por tal razón, concluimos que no se justifica nuestra intervención en esta etapa del procedimiento, por lo que procedemos a denegar la expedición del auto de *certiorari* para que continúen los procedimientos del manejo del caso en el Tribunal de Primera Instancia.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Rodríguez Flores disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones